IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

LILA LEVY,

        Plaintiff,

vs.

Case No: 11022173 18

HOME DEPOT U.S.A., INC., a foreign
profit corporation,

        Defendant.
_____/

## PLAINTIFF'S RESPONSE TO FIRST REQUEST FOR ADMISSIONS

COME NOW the Plaintiff, LILA LEVY, by and through her undersigned counsel, and hereby file(s) this, her Response to Defendant, HOME DEPOT U.S.A., INC., a foreign profit corporation, Request for Admissions, dated October 11, 2011, and state(s):

1. Denied.
2. Admitted.
3. Denied.
4. Admitted.
5. Denied.
6. Denied.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.



11. Admitted.

12. Not applicable.

13. Not applicable.

14. Admitted.

15. Denied.

16. Admitted.

17. Admitted.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by U.S. Mail this 22 day of November, 2011, to: Jack Luks, Esquire, LUKS SANTANIELLO PEREZ PETRILLO & GOLD, 110 S.E. 6th Street, 20th Floor, Fort Lauderdale, FL 33301.

By: _____
DAVID KNIGHT
Bar Number: 383562
Schwed Knight, P.A.
7108 Fairway Drive, Suite 150
Palm Beach Gardens, Florida 33418
Telephone: (561) 694-6079
Facsimile: (561) 694-6089

CASE NO.: 07 32247 CACE 14
Page 1 of 6

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

LILA LEVY,                                         CASE NO.: 11 022173 CA 18

    Plaintiff(s),

vs.

HOME DEPOT U.S.A, INC.,

    Defendant(s).
_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant, HOME DEPOT U.S.A, INC., pursuant to Florida Rule of Civil Procedure 1.370, requests that Plaintiff admit or deny the following enumerated requests for admissions within thirty (30) days after service hereof.

### INSTRUCTIONS

1. Plaintiff shall specifically admit or deny the matter addressed in each Request. In accordance with the FLORIDA RULES OF CIVIL PROCEDURE, A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. For example, if a Request asks you to admit that an act never occurred and to your knowledge it did not occur but could have occurred without your knowledge, then your answer must

specify that to your knowledge the act did not occur but it could have occurred without your knowledge.

2. You may not refuse to admit or deny merely based on lack of information or lack of knowledge. In accordance with the FLORIDA RULES OF CIVIL PROCEDURE, An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or easily obtainable by him is insufficient to enable him to admit or deny.

3. If Plaintiff objects to a Request, then the response shall specify all reasons for the objection, as required by the FLORIDA RULES OF CIVIL PROCEDURE.

4. Except as specifically defined in this document, definitions of words are to be those used in Webster's Unabridged Dictionary. Therefore, Plaintiff is not to avoid denying or admitting a Request by pretending or claiming that she does not understand the meaning of language in the Request.

5. Plaintiff is to respond to each Request based on facts known by and available to her. An admission or denial is not to be grounded purely on speculation.

## SPECIAL DEFINITIONS

As used in the Requests enumerated below, the following terms shall have the special meanings indicated below:

CASE NO.: 07 32247 CACE 14
Page 3 of 6

1. As used herein, the term "Incident in Question" refers to the alleged incident of February 18, 2011, which according to LILA LEVY'S Original Complaint, forms the basis of their claims in this case.

2. As used herein, the term "damages" includes pain and suffering, loss of pecuniary contributions (both past and future), mental anguish, expenses of medical care received as a result of the incident made the basis of this lawsuit, lost wages (both past & future), exemplary damages, and any other expense that you claim as necessitated by, or damage you claim to have sustained from, the alleged incident, and for which you seek recovery.

## REQUEST FOR ADMISSIONS

Admit or deny the following:

1. In this lawsuit, Plaintiff is not seeking and will not seek total damages in excess of $75,000.

2. In this lawsuit, Plaintiff is seeking to recover total damages in excess of $75,000.

3. The maximum amount of damages that Plaintiff seeks, and will ever seek, to recover in this lawsuit is less than $75,000.

4. The maximum amount of damages that Plaintiff seeks to recover in this lawsuit is greater than $75,000.

5. In this lawsuit, Plaintiff stipulates that she will be asking the jury to award her no more than a total of $75,000 in damages.

6. In this lawsuit, Plaintiff will be asking the jury to award her more than a total of $75,000 in damages.

7. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for the past pain and suffering of LILA LEVY in an amount greater than $15,000.

8. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for the future pain and suffering of LILA LEVY in an amount greater than $15,000.

9. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for the past mental anguish of LILA LEVY in an amount greater than $15,000.

10. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for the future mental anguish of LILA LEVY in an amount greater than $15,000.

11. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for future medical expenses of LILA LEVY in an amount greater than $15,000.

12. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for lost wages of LILA LEVY in an amount greater than $15,000.

CASE NO.: 07 32247 CACE 14
Page 5 of 6

13. Based on the severity of the injury suffered by Plaintiff, Plaintiff will be seeking to recover damages for loss of future earning capacity of LILA LEVY in an amount greater than $15,000.

14. The injury sustained by Plaintiff has caused her, on a daily basis, since the accident, to experience constant pain in the part of the body that was injured.

15. The injury sustained by the Plaintiff has produced permanent disfigurement.

16. Between the date of the accident and the present date, the injury sustained by the Plaintiff has caused her to experience impairment that substantially limits Plaintiff's ability in the performance of normal, everyday activities.

17. Plaintiff is a citizen domiciled in the State of Florida.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, to all counsel of record on the attached Service List, this 11TH day of October, 2011.

LUKS, SANTANIELLO,
PETRILLO & JONES
Attorneys for Defendant
110 S. E. 6th Street - 20th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 761-9900
Facsimile: (954) 761-9940

By: _____
JACK D. LUKS, ESQUIRE
Florida Bar No.: 651011
DAVID A. LIPKIN, ESQUIRE
Florida Bar No.: 968463

## SERVICE LIST

COUNSEL FOR PLAINTIFF
Stephen W. Schwed, Esquire
Schwed Knight, P.A.
7108 Fairway Drive, Suite 150
Palm Beach Gardens, FL  33418
e-mail: sschwed@schwedlawfirm.com
Ph 561-694-6079
Fx 561-694-6089